Sanders, Janet L., J.
The defendant is charged with four counts of improper storage of a firearm in violation of G.L.c. 140, §131L.[1] The case is now before the Court on the defendant’s motion to dismiss those charges on the grounds that the statute unconstitutionally infringes on his Second Amendment right to keep and bear arms as construed by the United States Supreme Court in District of Columbia v. Heller, 128 S.Ct. 2783, 2818 (2008) (“Hellef’). For the following reasons, the Court concludes that the Motion must be Denied.
BACKGROUND
The allegations which gave rise to the instant charges are as follows. The defendant lives in a condominium and apartment complex in Weymouth called Avalon Ledgers. As a result of extremely high levels of gas being detected in the defendant’s apartment, Avalon management obtained a civil order on March 17, 2008 requiring the defendant to give management access to his apartment so that the gas could be shut off. Because of earlier difficulties with the defendant and also information that the defendant had firearms in his apartment, the Avalon manager asked police to accompany the constable who was assigned to serve the defendant with the court order and related paperwork.
The police first attempted to lure the defendant out of his apartment, but this was unsuccessful. They then approached his front door, knocked and identified themselves, saying that they needed to talk to him about Avalon management. After some delay and noise inside the apartment, the defendant opened the door two inches; the police ordered him to show his hands, and they grabbed his arms. The defendant (who was in a wheelchair) had a loaded handgun in a holster at his waist. The gun was removed and the defendant was handcuffed. In plain view in the apartment, officers saw a handgun near some water bottles, and a rifle or machine gun leaning against the bedroom door. In the bedroom were additional guns around the room and on the floor, all unsecured.
DISCUSSION
The defendant is charged with violating G.L.c. 140, §131L(a), which states that:
It shall be unlawful to store or keep any firearm, rifle or shotgun . .. unless such weapon is secured in a locked container or equipped with a tamper resistant mechanical lock or other safety devices, properly engaged so as to render such weapon inoperable by any person other than the owner or other lawfully authorized user.
The defendant now contends that this requirement unconstitutionally infringes on his Second Amendment right to bear arms in self defense and relies on Heller. This Court concludes that Heller does not control this case because the Massachusetts statute is different from the law interpreted in Heller and can be construed in a way which avoids the constitutional issue.
At issue in Heller was a District of Columbia statute which stated that any person registered to carry a firearm must keep any firearm “in his possession unloaded and disassembled bound by a trigger lock or similar device, unless such firearm is kept at his place of business, or while being used for lawful recreational purposes . . .” D.C. Code §7-2507.02. Although the Supreme Court leaves the question of the interpretation of state laws to the state courts, the Court in Heller was essentially in the position of a state court in construing the D.C. Code, since District of Columbia laws are interpreted in the first instance by the federal courts. The Supreme Court chose to interpret the District of Columbia statute to mean that any firearm in the home must be rendered and kept inoperable at all times, even though the District to Columbia had urged the Court to interpret the law to contain an exception for self defense. Heller, 128 S.Ct. at 2818. Because the statute was construed to constitute a total ban on handgun possession in the home, it was held to infringe upon the right of an individual to bear arms in a place “where the need for defense of self, family, and property is most acute.” 128 S.Ct. at 2817.[2]
In the case before this Court, the statute addresses how a firearm should be stored, not what its condition must be when it is in the possession of its registered owner. The purpose of the Massachusetts statute is stated in the statute itself: it is intended to render the firearm inoperable except by the owner or lawfully authorized user. The statute therefore permits an owner to have a firearm on his person (and thus available for self defense purposes) at the same time that it requires the owner to keep other firearms stored and secured in a way which prevents their use by *396 others who are not authorized to have the weapons. Thus, the defendant, who had a loaded gun on his person when police entered his home was not charged with violating G.L.c. 140, §131L as a result of his possession of that weapon. Instead, he was charged in connection with those other firearms lying around his apartment in an unsecured condition. Such an application of the Massachusetts statute does not conflict with the Second Amendment as construed in Heller.
CONCLUSION AND ORDER
For all the foregoing reasons, the defendant’s Motion to Dismiss is DENIED.

The defendant is also charged with possession of an infernal machine. That count is not the subject of the instant motion.

In emphasizing that it was the total han that rendered the District of Columbia statute unconstitutional, the Supreme Court was quick to note that nothing in its opinion should be read as casting doubt on other long standing prohibitions or regulatory measures relating to firearms. 128 S.Ct. at 2816-17 and fii. 26.